## JOSEPH N. CUSHING v. ALFRED FENN.

*Ejectment.   Description of   demanded   premises.    Apportion ment of costs.*

1.   The declaration in a justice ejectment against a tenant for holding over described the demanded premises as "the dwelling house and out-buildings and a small piece of land adjoining the same." Judgment having been rendered against defendant in County Court, and the case sent to the clerk for the assessment of damages, *held*, that the plaintiff should not be allowed for the use of a pasture connected · with the house and garden and with them making up the farm which defendant had occupied as the plaintiff's lessee the year before, since the description was too uncertain to fairly include it.

2.   The plaintiff having recovered judgment for $20 damages below, this court refused to apportion costs upon reducing the damages to $14 by sustaining the defendant's exceptions.

Justice ejectment against the defendant for holding over. The defendant appealed the case into the County Court where judgment was entered against him upon his failure to show cause for a continuance, and the case referred to the clerk for an assessment of damages.   Heard upon report at the February term, 1889, Orleans county, Taft, J., presiding.   Judgment for both sums reported and costs.   The defendant excepts.

The clerk found that the use of the house and garden was worth $14 and of the pasture $6.   The facts are stated in the opinion.

*Bates & May*, and *A. D. Bates*, for the defendant.

The description in the declaration does not include the pas-ture.   Hence, no judgment has been rendered against the defend-ant and the plaintiff can have no damages as to that.   *Davis* v. *Judge*, 44 Vt. 500 ;   *Clark* v. *Clark*, 7 Vt. 190.

Cushing *v.* Fenn.

*J. W. Erwin,* for the plaintiff.

The description fairly includes the pasture. *Clark* v. *Clark,* 7 Vt. 193; *Horan* v. *Thomas,* 60 Vt. 329; *Barnes* v. *Tenney,* 52 Vt. 577.

The opinion of the court was delivered by

ROWELL, J. This is a justice's ejectment against a tenant holding over.

The declaration describes the demanded premises as "the dwelling-house and out-buildings and a small piece of land adjoining the same on the northerly part of Lot No. 12," etc. Defendant set the case "Not for the jury," and on failure to show cause for a continuance, judgment passed against him, and the case went to the clerk for the assessment of damages, and comes up on exceptions to his allowance of rent.

The defendant concedes the correctness of its allowance for the buildings and the garden, but questions the correctness of its allowance for the pasture, which was connected with the garden, and with it and the buildings was a part of the farm occupied by the defendant as lessee the year before.

The description of the land in the declaration as "a small piece of land adjoining" the buildings, is too uncertain and indefinite in pleading to be taken to embrace the pasture as a part of the demanded premises, and so it cannot be said to have been adjudged that the defendant was holding that over. It follows, therefore, that it was error to allow rent for it.

The defendant moves for an apportionment of costs. But the amount now recovered by the plaintiff is so near the amount he recovered before the justice that we are not inclined to apportion.

*Judgment reversed, and judgment for the plaintiff for $14 with interest thereon from the commencement of suit.*